**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS BONANO,<br><br>     Plaintiff,<br><br>     - v -<br><br>MANHATTAN MOTORCARS, INC. and ARTHUR FENTON,<br><br>     Defendants. | Civil Action No.: 25-5013<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Nicholas Bonano ("Bonano"), by and through his undersigned attorneys, brings this Complaint against Defendants Manhattan Motorcars, Inc. ("Manhattan Motorcars") and its service manager, Arthur Fenton ("Fenton"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and New York Labor Law ("NYLL") § 215.

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2. The Court has original jurisdiction over Bonano's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Bonano's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred

there.

5. All conditions precedent to filing the instant action have been fulfilled. On September 18, 2024, Bonano submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about March 19, 2025, the EEOC issued Bonano a Notice of Right to Sue, and this action is being brought within 90 days of Bonano's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Bonano will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Bonano is a resident of the State of New York and former Automotive Technician of Manhattan Motorcars.

8. At all relevant times, Bonano was an "employee" of Defendant under all relevant statutes.

9. Manhattan Motorcars is a corporation registered in New York and permitted to do business in New York.

10. Manhattan Motorcars employed at least 15 employees throughout Bonano's employment.

11. Manhattan Motorcars conducted business at 270 11th Avenue, New York, NY 10001, where it employed Bonano.

12. At all relevant times, Defendant Fenton was Manhattan Motorcars's Service Manager and Bonano's supervisor.

13. Fenton had the ability to affect the terms of Bonano's employment, and did so by,

among other things, assigning him work, overseeing his work, evaluating his performance and providing feedback, and terminating his employment.

14. At all relevant times, Defendants were Bonano's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

15. In 2017, Bonano graduated from Monmouth County Vocational School, where he completed a technical training program to become an automobile mechanic. He received a Bachelor of Science from Brookdale Community College in New Jersey in 2021.

16. Prior to joining Manhattan Motorcars, Bonano had six years of experience as a mechanic. He had completed HVAC safety training and earned a maintenance technician certificate.

17. In or about March 2024, Manhattan Motorcars offered Bonano the position of Automotive Technician.

18. Bonano worked from Manhattan Motorcars's 270 11th Avenue, New York, NY 10001 location.

19. Bonano succeeded in his role and received positive feedback based on his performance, including a text message from Fenton stating, "I really don't want to lose you, you're the first guy Ron actually likes!!"

20. On March 31, 2024, Bonano was struck by an automobile and sustained injuries to his neck, back, ankle, and knee.

21. He was diagnosed with cervical disc bulges and an annular tear that narrowed his spinal canal and right nerve tunnel.

22. Bonano's injuries impacted, among other things, Bonano's ability to perform

manual tasks, lift, bend, and work, and caused him persistent pain. He could no longer enter and exit cars, set lift points to lift vehicles, remove car tires, rebalance rims, or retrieve and carry car parts without experiencing severe pain.

23. Bonano attended physical therapy and consulted with specialists for further evaluation and treatment.

24. Bonano informed Manhattan Motorcars about his injuries and the pain he was experiencing at work.

25. Bonano attempted to get help from his colleagues but they were often unavailable, forcing him to push through the pain and exacerbating it.

26. Bonano initially attempted to continue working without restriction but was unable to do so because of the severity of the pain it caused.

27. On July 16, 2024, Bonano provided Manhattan Motorcars with a note from one of his treating physicians, a spine specialist, requiring restrictions including no forward trunk bending, squatting, kneeling, or lifting more than 10 lbs.

28. On July 18, 2024, Bonano provided Manhattan Motorcars with another doctor's note, which required that he remain out of work from July 18, 2024, through July 30, 2024, which was necessary for treatment and to avoid aggravating his injuries.

29. Four days later, on July 22, 2024, Fenton told Bonano that his position had been terminated, and he could not come back to work at the end of his medical leave.

30. Fenton informed Bonano that the reason for the termination was that Manhattan Motorcars could no longer accommodate his restrictions.

31. In a letter dated July 23, 2024, Manhattan Motorcars memorialized the reason for the termination: "Unfortunately our business can no longer accommodate restrictions to your

position and we must move forward with termination."

32. Manhattan Motorcars offered no explanation as to why it could no longer accommodate Bonano.

33. At no point after receiving Bonano's July 16 and July 18 doctors' notes did Manhattan Motorcars communicate with Bonano regarding the requested accommodations, let alone engage in the required interactive process to determine an appropriate accommodation that would have facilitated his return to work.

34. Instead, Manhattan Motorcars disregarded the accommodation request and terminated Bonano's employment.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the ADA)**
*Against Defendant Manhattan Motorcars*

35. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

36. Defendant Manhattan Motorcars discriminated against Bonano on the basis of his disability by terminating him instead of providing reasonable accommodations in violation of the ADA. Bonano has suffered disparate treatment as a result of Manhattan Motorcars's conduct.

37. Bonano is a disabled individual under the ADA and was perceived by Manhattan Motorcars as being disabled, and he is therefore a member of a protected class.

38. Bonano was qualified to work as an Automotive Technician for Manhattan Motorcars and satisfactorily performed the duties required by that position.

39. Manhattan Motorcars subjected Bonano to an adverse employment action because of his disability.

40. As a direct and proximate result of Manhattan Motorcars's unlawful employment

practices, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

41.     Defendant Manhattan Motorcars's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

## SECOND CAUSE OF ACTION
### (Failure to Accommodate in Violation of the ADA)
*Against Defendant Manhattan Motorcars*

42.     Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

43.     Bonano is a disabled individual under the ADA and was perceived by Manhattan Motorcars as being disabled, and is therefore a member of a protected class.

44.     Manhattan Motorcars was aware and on notice of Bonano's disability and its symptoms.

45.     Bonano requested reasonable accommodations for his disability.

46.     Manhattan Motorcars failed to accommodate Bonano's disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Bonano's disability.

47.     Had Manhattan Motorcars provided Bonano with a reasonable accommodation, Bonano could have performed the essential functions of his job.

48.     Accordingly, Manhattan Motorcars discriminated against Bonano by virtue of failing to accommodate his known disability and failing to engage in an interactive process in violation of the ADA.

49.     As a direct and proximate result of Manhattan Motorcars's unlawful employment

practices, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

50. Manhattan Motorcars's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

### THIRD CAUSE OF ACTION
**(Retaliation in Violation of the ADA)**
*Against Defendant Manhattan Motorcars*

51. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

52. As set forth in detail above, Bonano engaged in activity protected under the ADA.

53. Manhattan Motorcars was aware that Bonano opposed unlawful conduct and/or asserted his rights under the ADA.

54. Manhattan Motorcars, unlawfully and without cause, retaliated against Bonano as a direct result of Bonano asserting his rights under the ADA as someone with disability or perceived disability, and Bonano suffered materially adverse employment actions as a result.

55. As a direct and proximate result of Manhattan Motorcars's unlawful employment practices, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

56. Manhattan Motorcars's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

57. Accordingly, Manhattan Motorcars retaliated against Bonano in violation of his statutory rights as guaranteed by the ADA.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against Both Defendants*

58. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

59. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Bonano because he was a member of a protected class.

60. Bonano is a member of a protected class under the NYSHRL and was perceived by Defendants as such.

61. Bonano was qualified to work as an Automotive Technician for Defendants and he satisfactorily performed the duties required by the position he held with Defendants.

62. As set forth in detail above and here, Defendants discriminated against Bonano and subjected him to adverse employment actions.

63. As a direct and proximate result of the unlawful employment practices of Defendants, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

64. Accordingly, Defendants discriminated against Bonano because of his disability, in violation of his statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)
*Against Both Defendants*

65. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

66. Bonano is a disabled individual under the NYSHRL and was perceived by Defendants as being disabled, and he is therefore a member of a protected class.

67. Defendants were aware and on notice of Bonano's disability and its symptoms.

68. Bonano requested reasonable accommodations for his disability.

69. Defendants Manhattan Motorcars and Fenton failed to accommodate Bonano's disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Bonano's disability.

70. Had Defendants provided Bonano with a reasonable accommodation, Bonano could have performed the essential functions of his job.

71. Accordingly, Defendants discriminated against Bonano by virtue of failing to accommodate his known disability and failing to engage in an interactive process in violation of the NYSHRL.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**
*Against Both Defendants*

72. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

73. As set forth in detail above, Bonano engaged in activity protected under the NYSHRL.

74. Defendants retaliated by subjecting Bonano to discrimination and adverse employment actions because of his protected activity in violation of Bonano's statutory rights.

75. Defendants were aware that Bonano opposed unlawful conduct and asserted his rights under the NYSHRL.

76. Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

77. Accordingly, Defendants retaliated against Bonano in violation of his statutory

rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
### *Against Both Defendants*

78.     Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

79.     The aforementioned facts and circumstances demonstrate that Defendants discriminated against Bonano because he was a member of a protected class.

80.     Bonano is a member of a protected class under the NYCHRL and was perceived by Defendants as such.

81.     Bonano was qualified to work as an Automotive Technician for Defendants and he satisfactorily performed the duties required by the position he held with Defendants.

82.     As set forth in detail above and here, Defendants discriminated against Bonano in the terms and conditions of his employment by treating Bonano less well than his similarly situated, non-disabled coworkers.

83.     Defendants subjected Bonano to adverse employment actions because of his disability.

84.     As a direct and proximate result of the unlawful employment practices of Defendants, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

85.     The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

86.     Accordingly, Defendants discriminated against Bonano because of his disability,

in violation of his statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYCHRL)
*Against Both Defendants*

87. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

88. Bonano is a disabled individual under the NYCHRL and was perceived by Defendants as being disabled, and he is therefore a member of a protected class.

89. Defendants were aware and on notice of Bonano's disability and its symptoms.

90. Bonano requested reasonable accommodations for his disability.

91. Defendants Manhattan Motorcars and Fenton failed to accommodate Bonano's disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Bonano's disability.

92. Had Defendants provided Bonano with a reasonable accommodation, Bonano could have performed the essential functions of his job.

93. As a direct and proximate result of Defendants' unlawful employment practices, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

94. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

95. Accordingly, Defendants discriminated against Bonano by failing to accommodate his known disability under NYCHRL.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against Both Defendants*

96. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

97. As set forth in detail above, Bonano engaged in activity protected under the NYCHRL.

98. Defendants retaliated against Bonano by treating him less well than similarly situated employees and subjecting him to discrimination and adverse employment actions because of his protected activity in violation of the NYCHRL.

99. Defendants were aware that Bonano opposed unlawful conduct and/or asserted his rights under the NYCHRL.

100. Defendants, unlawfully and without cause, retaliated against Bonano as a direct result of Bonano asserting his rights and opposing unlawful conduct under the NYCHRL, which involved conduct reasonably likely to deter an individual from engaging in such protected activity.

101. As a direct and proximate result of Defendants' unlawful employment practices, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

102. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

103. Accordingly, Defendants retaliated against Bonano in violation of his statutory rights as guaranteed by the NYCHRL.

## TENTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of the NYSHRL and NYCHRL)
*Against Defendant Fenton*

104. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

105. Defendant Fenton aided, abetted, incited, compelled, or coerced Manhattan Motorcars's unlawful conduct, including discrimination, failure to provide a reasonable accommodation, and retaliation, against Bonano by his conduct, action, and inaction, in violation of the NYSHRL and NYCHRL.

106. Fenton was aware of his role as part of the unlawful activity and knowingly assisted Manhattan Motorcars in its violations of the NYSHRL and NYCHRL.

107. As a direct and proximate result of Fenton's conduct, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

108. Fenton's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Retaliation in Violation of NYLL)
*Against Both Defendants*

109. Bonano repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

110. Bonano engaged in protected activity under NYLL § 215, including, but not limited to taking sick leave he was entitled to under New York City's Earned Safe and Sick Time Act.

111. Defendants' termination of Bonano's employment in response to that protected

activity constituted prohibited retaliation under NYLL § 215(1)(a).

112. As a direct and proximate result of Defendants' conduct, Bonano has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

113. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Bonano, entitling him to punitive damages.

## RELIEF

Plaintiff Nicholas Bonano demands judgment in his favor and against Defendants Manhattan Motorcars, Inc. and Arthur Fenton as follows:

A. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Bonano for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

B. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Bonano for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his emotional distress;

C. An award of punitive damages, in an amount to be determined at trial;

D. Prejudgment interest on all amounts due;

E. An award of Bonano's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Nicholas Bonano demands a trial by jury on all issues so triable of right.

Dated: June 13, 2025
New York, New York

                                        **RISSMILLER PLLC**

By:   */s/ Alex Rissmiller*
       Alex Rissmiller
       Jazly Liriano
       5 Pennsylvania Plaza, 19th Floor
       New York, NY 10001
       T: (646) 664-1412
       arissmiller@rissmiller.com
       jliriano@rissmiller.com

*Attorneys for Plaintiff Nicholas Bonano*